Filed 2/18/21  P. v. Hernandez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>VIDAL ALEJANDRO HERNANDEZ,<br><br>　　Defendant and Appellant. | 2d Crim. No. B301728<br>(Super. Ct. No. 1486420)<br>(Santa Barbara County) |

Vidal Alejandro Hernandez pled no contest to corporal injury of a child and was placed on probation for three years.  (Pen. Code,[1] 273d, subd. (a).)  Hernandez moved to vacate his conviction on the ground that he did not meaningfully understand the immigration consequences at the time he entered the plea.  (§ 1473.7.)  The trial court denied the motion.  We affirm.

---

[1] Further unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL HISTORY

Hernandez is a legal permanent resident of the United States. In 2016, he struck his eight-year-old son in the face with a boot. He pled no contest to corporal injury of a child.

Hernandez signed a plea form and initialed a box next to the following advisement: "I understand that if I am not a citizen of the United States, my plea of guilty or no contest may or, with certain offenses, will result in my deportation, exclusion from admission and reentry to the United States, and denial of naturalization and amnesty, and that the appropriate consulate may be informed of my conviction." He was represented by counsel at the time of his plea.

The plea form also advised: "If you have an attorney and have questions about anything in this form, ask your attorney." Hernandez initialed a box indicating that he "had a full opportunity to discuss with [his] attorney . . . the consequences of this plea" and that he had "no further questions for the court or for [his] attorney with regard to [his] plea." Hernandez's attorney signed the plea form, attesting that he "reviewed this form with [Hernandez]." A Spanish interpreter also signed the form, attesting that she "truly interpreted this form to [Hernandez]" and that he stated he "understood the contents on the form."

A month after his plea, Hernandez was taken into custody by the United States Department of Homeland Security. He was notified that he was going to be placed in removal proceedings.

In 2019, Hernandez filed the motion to vacate his conviction. Hernandez declared that trial counsel did not recommend he consult with an immigration attorney regarding

2

the immigration consequences of his plea and that the judge did not advise him of the "negative immigration consequences" of his plea. Hernandez declared that he "failed to meaningfully understand the immigration consequences" of his conviction, and had he known of the consequences, he would not have entered a no contest plea. The trial court denied the motion.

## DISCUSSION

Hernandez contends the trial court erred when it denied his section 1473.7 motion because he did not meaningfully understand the immigration consequences of his plea. His contention lacks merit.

Section 1473.7, subdivision (a)(1), provides that a person who is no longer in criminal custody may file a motion to vacate a conviction if it is "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." The burden is on the defendant to show, by a preponderance of the evidence, that they are entitled to the requested relief. (§ 1473.7, subd. (e)(1).) We review for abuse of discretion. (*People v. Perez* (2020) 47 Cal.App.5th 994, 997.)[2]

---

[2] Hernandez argues the correct standard of review is de novo. We disagree. Where, as here, the defendant is not claiming a violation of a constitutional right, the standard of review is abuse of discretion. (See *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 75-76 [de novo standard applies where the defendant claimed a "violation of a *constitutional* right (the right to effective assistance of counsel), [but] not a *statutory*

Hernandez was informed of the potential immigration consequences at the time he entered his plea. He initialed his name next to statements stating that he understood and agreed with the immigration consequences and that he had the opportunity to discuss them with his trial counsel. Hernandez did not present any evidence, other than his own declaration, that he did not understand the potential immigration consequences. (See *People v. Tapia* (2018) 26 Cal.App.5th 942, 955 (*Tapia*) [a defendant's self-serving declaration was insufficient to show he was not properly advised of the immigration consequences of his plea]; see also *Lee v. United States* (2017) ___ U.S. ___, ___ [137 S.Ct. 1958, 1967] ["Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies"].) Here, "there is no evidence, only speculation, that an 'immigration safe' plea could have been negotiated" or that Hernandez would have avoided immigration consequences had he proceeded with trial. (*Tapia, supra*, at p. 955.) Because the record does not show prejudicial error, the trial court did not err in denying the motion to vacate.

---

violation"].) In any event, the same result would follow here, regardless of which standard we apply.

4

## DISPOSITION

The order denying the section 1473.7 motion to vacate is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


YEGAN, Acting P. J.


PERREN, J.

Patricia L. Kelly, Judge

Superior Court County of Santa Barbara

_____

Karlin and Karlin and Marc. A. Karlin for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.